UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

This document is deemed filed on 10/27/2015 pursuant to Local Rule 5001-3 ... governing after-hours filing. 11:10 am HC

Christine Quattry Peacock
Debtor

Case No: 6:15-bk-08657 CCJ

## CHAPTER 13 PLAN

**CHECK ONE:**

\_\_\_\_\_  Debtor[1] certifies that the Plan does not deviate from the model plan adopted by the Court at the time of the filing of this case. Any nonconforming provisions are deemed stricken.

\_\_X\_\_  The Plan contains provisions that are specific to this Plan in paragraph 9, <u>Non-conforming Provisions</u>. Any nonconforming provision not set forth in paragraph 9 is deemed stricken.

1. **MONTHLY PLAN PAYMENTS.** Plan payments include the Trustee's fee of 10% and shall begin 30 days from petition filing/conversion date. Debtor shall make payments to the Trustee for the period of \_\_\_35\_\_\_ months. If the Trustee does not retain the full 10%, any portion not retained will be disbursed to allowed claims receiving payment under the plan and may cause an increased distribution to the unsecured class of creditors:

(A)   $ 50_____  for months \_\_1\_\_\_\_\_  through \_\_12\_\_\_\_
(B)   $ 50_____  for months \_\_13\_\_\_\_  through \_\_24\_\_\_\_
(C)   $ 50_____  for months \_\_25\_\_\_\_  through \_\_36\_\_\_\_

To pay the following creditors:

2. **ADMINISTRATIVE ATTORNEY'S FEES.**           N/A Pro Se

**Base Fee $_____   Total Paid Prepetition $_____   Balance Due $_____**

**Estimated Additional Fees Subject to Court Approval   $_____**

**Attorney's Fees Payable through Plan $_____   Monthly (subject to adjustment)**

---

[1] All references to "Debtor" include and refer to both of the debtors in a case filed jointly by two individuals.

3.     **PRIORITY CLAIMS (as defined in 11 U.S.C. § 507).**

**Last 4 Digits of Acct No.**          **Creditor**                                              **Total Claim**

Case 6:15-bk-08657-CCJ **Doc 11** Filed 10/20/15
Certificate 7256           Green Tax Funding 1    2876071              $1,186.26

Case 6:15-bk-08657-CCJ **Doc 12** Filed 10/20/15    *Same certificate as above filed twice*
Certificate 7256           Green Tax Funding 1    2876071              $1,186.26

Case 6:15-bk-08657-CCJ **Doc 13** Filed 10/20/15
Certificate 6974     Capital One Cl Trl Assignee of Fig. 2222 LLC 3086725     $372.91

Case 6:15-bk-08657-CCJ **Doc 14** Filed 10/20/15    *Same certificate as above filed twice*
Certificate 6974     Capital One Cl Trl Assignee of Fig. 2222 LLC 3086725     $372.91

\_\_\_N/A Property Tax is not yet due. Back taxes for property were assigned to certificates issued against the property (above), and I definitely want to attend to those as very highest priority.

4.     **TRUSTEE FEES.** Trustee shall receive a fee from each payment received, the percentage of which is fixed periodically by the United States Trustee.
Debtor understands there is a 10% fee but doesn't know exactly how that works.

5.     **SECURED CLAIMS.** Pre-confirmation payments allocated to secured creditors under the Plan, other than amounts allocated to cure arrearages, shall be deemed adequate protection payments.

(A) **Claims Secured by Real Property Which Debtor Intends to Retain/ Mortgage Payments and Arrears, if any, Paid through the Plan.** If the Plan provides for curing prepetition arrearages on a mortgage, Debtor will pay, in addition to all other sums due under the proposed Plan, all regular monthly post petition mortgage payments to the Trustee as part of the Plan. These mortgage payments, which may be adjusted up or down as provided for under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter. The Trustee shall pay the post petition mortgage payments on the following mortgage claims:

**Last 4 Digits   Creditor      Collateral         Reg. Mo. Pmt.   Gap Pmt.        Arrears**
**of Acct No.                   Address**

\_\_\_N/A_____ I am the borrower/signor for no mortgages that are not paid in full.

(B) **Claims Secured by Real Property/Debtor Intends to Seek Mortgage Modification.** Pending the resolution of a mortgage modification request, Debtor shall make the following adequate protection payments to the Trustee: (1) for *homestead* property, the lesser of 31% of gross disposable monthly income of Debtor and non-filing spouse, if any (after deducting homeowners association fees), or the normal monthly contractual mortgage payment, or (2) for *non-homestead*, income-producing property, 75% of the gross rental income generated from the property:

2

**Last 4 Digits of Acct. No.    Creditor Address    Collateral Address           Pmt. Amt.**

I own property that is in dispute in an appeal through the 5DCA. 15-3678   Defendants are in Contempt of Court in the August 28, 2015 Court Order, case# 2010-CA-023451-O.
The claim by Wells Fargo is a fraudulent claim based on forged documents and is being litigated.

**(C) Claims Secured by Real Property or Personal Property to Which Section 506 Valuation APPLIES.** Under 11 U.S.C. § 1322(b)(2), this provision does not apply to a claim secured solely by Debtor's principal residence. A separate motion to determine secured status or to value the collateral must be filed. The secured portion of the claim, estimated below, shall be paid:

**Last 4 Digits   Creditor       Collateral      Claim Amt. Value   Pmt. Interest @___%**
**of Acct No.                    Desc./Address**
___N/A_____

**(D)    Claims Secured by Real Property and/or Personal Property to Which Section 506 Valuation DOES NOT APPLY.** Claims of the following secured creditors shall be paid in full with interest:

**Last 4 Digits   Creditor       Collateral      Claim Amt.   Pmt.   Interest @ _____%**
**of Acct No.                    Desc./Address**
___N/A_____

**(E) Claims Secured by Personal Property – Maintaining Regular Payments and Curing Arrearages, if any, with All Payments in Plan.**

**Last 4 Digits   Creditor       Collateral          Regular Payment         Arrearages**
**of Acct No.                    Description**
___N/A_____

**(F) Secured Claims/Lease Claims Paid Direct by Debtor.** The following secured claims/lease claims are being made via automatic debit/draft from Debtor's depository account and are to continue to be paid direct to the creditor or lessor by Debtor outside the Plan via automatic debit/draft. The automatic stay is terminated *in rem* as to Debtor and *in rem* and *in personam* as to any codebtor as to these creditors and lessors upon the filing of this Plan. Nothing herein is intended to terminate or abrogate Debtor's state law contract rights. (Note: The Plan must provide for the assumption of lease claims that Debtor proposes to pay direct in the Lease/Executory Contract Section 6 below.)

**Last 4 Digits of Acct No.             Creditor                  Property/Collateral**
__N/A_____

3

**(G) Liens to be Avoided per 11 U.S.C. § 522/Stripped Off per 11 U.S.C. § 506.** A separate motion to avoid a lien under § 522 or to determine secured status and to strip a lien under § 506 must be filed.

| **Last 4 Digits of Acct No.** | **Creditor** | **Collateral Description/Address** |
|---|---|---|

Debtor has attached email from Wells Fargo Council regarding the case disputed in litigation. Trustee of the Suzanne Quattry Living Trust is in Contempt of Court having never distributed the assets of the Trust per Court Order and not having paid off the property in full, IF it has not been paid in full. Trustee refuses communication with successor. (See Exhibit A)

**(H) Surrender of Collateral/Leased Property.** Debtor will surrender the following collateral/leased property. The automatic stay is terminated *in rem* as to Debtor and *in rem* and *in personam* as to any codebtor as to these creditors and lessors upon the filing of this Plan. (Note: The Plan must provide for the rejection of lease claims in the Lease/Executory Contract section below.)

| **Last 4 Digits of Acct No.** | **Creditor** | **Property/Collateral to be Surrendered** |
|---|---|---|
| ___N/A___ | | |

6. **LEASES/EXECUTORY CONTRACTS.**

| **Last 4 Digits of Acct No.** | **Creditor** | **Property** | **Assume/Reject-Surrender** | **Est. Arrears** |
|---|---|---|---|---|
| ___N/A___ | | | | |

7. **GENERAL UNSECURED CREDITORS.** General unsecured creditors with allowed claims shall receive a *pro rata* share of the balance of any funds remaining after payments to the above referenced creditors or shall otherwise be paid under a subsequent Order Confirming Plan. The estimated dividend to unsecured creditors shall be no less than $___0___.

8. **ADDITIONAL PROVISIONS:**

    (A)    Secured creditors, whether or not dealt with under the Plan, shall retain the liens securing such claims:

    (B)    Payments made to any creditor shall be based upon the amount set forth in the creditor's proof of claim or other amount as allowed by an Order of the Bankruptcy Court.

    (C)    Property of the estate (check one)*

        (1)    _____ shall not vest in Debtor until the earlier of Debtor's discharge or dismissal of this case, unless the Court orders otherwise; or

        (2)    _X_ shall vest in Debtor upon confirmation of the Plan.

Debtor Christine Peacock investigated the definition of the term and is confused. I feels the need to disclaim that I may not fully understand the term. To clarify, Christine Peacock understands she is to retain full ownership of the homestead residence of 1190 July Circle and her successors will enjoy it after her passing.

*If Debtor fails to check (1) or (2) above, or if Debtor checks both (1) and (2), property of the estate shall not vest in Debtor until the earlier of Debtor's discharge or dismissal of this case, unless the Court orders otherwise.

(D)   The amounts listed for claims in this Plan are based upon Debtor's best estimate and belief and/or the proofs of claim as filed and allowed. The Trustee shall only pay creditors with filed and allowed proof of claims. An allowed proof of claim will control, unless the Court orders otherwise.

(E)   The Debtor may attach a summary or spreadsheet to provide an estimate of anticipated distributions. The actual distributions may vary. If the summary or spreadsheet conflicts with this Plan, the provisions of the Plan control prior to confirmation, after which time the Order Confirming Plan shall control.

(F)   Debtor shall timely file all tax returns and make all tax payments and deposits when due. (However, if Debtor is not required to file tax returns, Debtor shall provide Trustee with a statement to that effect.) For each tax return that becomes due after the case is filed, Debtor shall provide a complete copy of the tax return, including business returns if Debtor owns a business, together with all related W-2s and Form 1099s, to the Trustee within 14 days of filing the return. Unless otherwise ordered by the Court, Debtor shall turn over to the Trustee all tax refunds in addition to regular Plan payments. Debtor shall not instruct the Internal Revenue Service or other taxing agency to apply a refund to the following year's tax liability. **Debtor shall spend no tax refunds without prior court approval.**

9.   **NONCONFORMING PROVISIONS:**

In the event of negative outcome in the dispute/litigation, I hope to pay those newly incurred fees with the following settlements, as well as hope for some work from my home.
Debtor hopes to receive long overdue back child support from Joseph Peacock. DOR refuses to assist because deadbeat dad now receives SSD. Joseph Peacock has never paid court order child support. Debtor is recovered from accidents somewhat and hopes to file paperwork to garnish SSD and VA benefits.
Debtor will Appeal Social Security Disability Denial.
Debtor hopes to make small claim against employer who did not provide pay check as agreed.
Debtor hopes to Appeal dismissed personal injury case and receive settlement due.
Debtor hopes to begin work at home as is able due to slight recovery of disabilities.

_Christine Quakley Peacock_
_____                                    Dated: October 27, 2015
Debtor

5