UNITED STATES BANKRUPTCY COURT
Middle District of Florida
Orlando Division

**FILED**

JAN 19 2016

CLERK U.S. BANKRUPTCY,
ORLANDO DIVISION

Christine Lynne Quattry

Debtor.

_____/

Case No:   Case 6:15-bk-08657-CCJ

Chapter 13

## MOTION FOR VIOLATION OF AUTOMATIC STAY
## AND MISCONDUCT BY CHALLENGED CLAIMANT WELLS FARGO

Request for Injunction | Sanctions

**Debtor, Christine Lynne Quattry**, requests injunction to Cease & Desist Illegal Lockouts, Harassment, Vandalism, and Theft of Debtors Property, and Compliance with 11 U.S.C. $362, and sanctions to include a reset on the duration of "stay" so that debtor can organize her affairs without being undermined financially, physically (due to associated medical events), and mentally, robbed of personal property, and harassed by Wells Fargo Bank. Debtor challenges ownership and/or serving rights of Wells Fargo in regard to the property. IF Wells Fargo is able to produce any documentation or proof of either ownership or servicing rights that have been challenged since the inception of their claim February 2003, then Debtor challenges the amount due in regard to an extensive list of illegal, erroneous, and fraudulent charges. Debtor needs time to organize thoughts and research how to challenge the debt, so is only attending to the recent stay violation and requesting the reset of stay duration at this time. With that in mind, states the following:

Plaintiff, Christine Quattry Peacock., Pro Se, hereby moves the court for an award of damages against Defendant, Wells Fargo Bank, for a violation of automatic stay and alleges the following:

1)    Plaintiff filed for an Order of Relief under 11 U.S. Code Chapter 13 on October 13, 2015.

2)    The aforementioned case is currently pending before this court.

3)    The gravamen of this motion is that despite Plaintiff's filing of bankruptcy, Defendant has willfully and purposefully caused emotional, physical (medical) and financial harm to the Plaintiff due to yet another (5th) illegal lockout, and additional theft of personal property from Plaintiffs home at 3876 Villa Rose Lane, Orlando, FL.

## FACTS

Christine Lynne Quattry has requested the assistance of the Federal Bankruptcy Court in efforts to get back on my feet after debilitating injury and ongoing chronic illness. Efforts to do so continue to be thwarted by Wells Fargo Bank and their "Property Preservation" agents.

### 3876 Villa Rose Lane: The Back Story For the Mortgage Debt
(for the sake of brevity, skip to page 4 for current violation)

1) On May 8, 1997, Suzanne Quattry, mother of Christine Quattry Peacock signed a Mortgage for a conventional loan in favor of Great Western Bank, which included a down payment in excess of 20% just prior to bank fail. Servicing of the fixed rate mortgage was then claimed by Washington Mutual. The deed was legally transferred to daughter, Christine Quattry Peacock and grandson, Michael Roggio. Suzanne Quattry met an untimely demise in January 2003. Payments continued to be made in a timely manner.

2) After the passing of his beloved grandmother, Suzanne Quattry, Michael Roggio joined active service of the U.S. Navy. An adjustment of interest rate (to 6%) was requested of WAMU per the SCRA guidelines

3) On or about February 2007, Wells Fargo Bank contacted the Plaintiff and made a claim on the subject property. No notice had been provided by WAMU Bank as required. The claim included an increase of over 1/3 the fixed rate loan amount. Plaintiff challenged Wells Fargo to provide proof of ownership, servicing rights, authority of any sort, and an explanation of the increase since there was a standing request of WAMU to adjust DOWN the payment due to SCRA requirements (6% interest rate). A payment of $7004.00 had been made to WAMU to reduce the monthly payment for Servicemember/co-homeowner, Michael Roggio. No documentation or information was provided, and Wells Fargo sent a statement reflecting a mortgage payment amount DOUBLE the fixed rate amount of $547.00 rather than adjust down the payment to reflect the lump sum amount paid or the adjusted interest rate per the SCRA. No Note, Assignment of Mortgage, Power of Attorney or authorization was provided (ever, to date).

4) Although payments were current, Wells Fargo reflects loan acceleration as of February 2003, according to records submitted to Orange County Court in the later of concurrent foreclosure lawsuits. Wells Fargo records do not reflect the lump sum payment of $7004.00 but do

reflect a FEMA grant made for 3276 Villa Rose Lane in an amount in excess of the lump sum payment, however no funds or repairs were provided to the property.

5)  On or about March 2007, Wells Fargo Bank refused contact or response per RSPA to Plaintiffs challenges and concerns, but daily calls were made to the phone belonging to Christine Quattry Peacock to speak to Plaintiffs dead mother, but contact with the Plaintiff was refused, although a complete package of legal documents had been both mailed and faxed to include Death Certificate, Deed, Trust Documentation, and an additional SCRA inquiry. Representatives refused to speak to homeowner, Christine Quattry Peacock (ever, until January 13, 2016).

6)  Catherine Meers, younger daughter of Suzanne Quattry sued Christine Quattry Peacock and Michael Roggio upon Mr. Roggio's 18th birthday in 2003 in an attempt to gain control of the Living Trust of Suzanne Quattry and requested that ALL of the Trust assets as well as the personal assets of Christine Quattry Peacock be conveyed to her in total, rather than the half of the Trust estate that was provided for by Suzanne Quattry. Ms. Meers attorney froze all the Trust assets, all Ms. Peacock's personal assets, and husband Thomas Meers illegally cancelled all the credit cards of Christine Peacock and gained access to her personal identification and credit information using the Social Security number and credit information he became privy to while doing the taxes for Suzanne Quattry and Christine Quattry Peacock.

7)  A Trust lawsuit had ensued from 2003 to 2007. All liquid assets of the SOQ Trust and personal assets of Christine Quattry Peacock were moved to the Court's Registry in Volusia County, and all property was frozen via Lis Pendins. Without council, Ms. Peacock did not realize this was an illegal seizure of assets.

8)  On or about April 2007, Catherine Meers was made Trustee, and all assets were conveyed to Ms. Meers, with the exception of the property at 3876 Villa Rose Lane, Orlando, FL, which was disbursed by Court Order to Christine Quattry Peacock and Michael Roggio. Ms Meers was court-ordered to disburse the estate per Trust (50%-50%) **and attend to the necessary documentation**, which would have included the matters of insurance for 3876 Villa Rose and payoff of the mortgage. One hundred eleven thousand dollars belonging to Christine Peacock that had been transferred into the Courts Registry was given to Catherine Meers to accomplish this business. Christine Peacock was never provided with the court-ordered portion of the estate of Suzanne Quattry. Catherine Meers remains in Contempt of Court Order in the April 2007 Final Order of the Suzanne Quattry Living Trust.

9)     <u>On or about July 2011, the 2007 foreclosure lawsuit was dismissed in favor of the homeowners</u>. That same month, Christine Peacock was illegally locked out of her residence, which was in the process of remodeling, refurbishment, and repair (hurricane damage) while in the hospital having life-saving surgery. Christine returned home to find her roommate had moved out and Wells Fargo had performed an illegal lockout of her home, removing most personal property, as well as expensive tools and supplies being used in repairs and remodeling.

10)    Christine gained access to her residence twice again, only to have bank agents vandalize and remove the rest of her belongings in illegal lockouts performed in November 2011 and finally in December 2011, when padlocks were placed on every possible entry point including attic and screen doors. Wells Fargo knew the home was occupied, not abandoned, and in the process of being remodeled. Expensive repairs included new central climate control, all new tile floors, fresh paint, and extensive repairs had been made. A custom fireplace surround were among the projects in progress at final lockout and all the custom marble was stolen along with personal items.

11)    Prior to filing bankruptcy, in a final 9th Circuit Civil Order by Judge Myers, Wells Fargo was to provide, within 10 days, the keys to 3876 Villa Rose that they had been promising to provide for YEARS. Wells Fargo did not provide the keys and Christine Quattry Peacock filed a Motion for Contempt of Court Order, which the judge did not hear due to the Bankruptcy, but Wells Fargo finally made the arrangements to provide the keys, and a photo survey was done.

12)    For more than 4 1/2 years Christine Quattry Peacock had been locked out of her home and also deprived the substantial income from a roommate which was sufficient to pay all bills and the HOA fee that had been current until illegal lockout. Christine Quattry Peacock had planned to move into Villa Rose with her boyfriend, Joseph Holloway and his mother when Mr. Holloway moved out of his home which was in foreclosure but the keys were never provided and Mr. Holloway and his mother moved into a mold infested trailer. His mother has been experiencing health problems since. When Judge Myers ordered the keys be provided within 10 days, Christine Quattry Peacock had made arrangements for different roommate, but that fell through when the keys were not provided. Finally, after Christine Quattry Peacock filed for Chapter 13 Bankruptcy, the keys were provided. (See <u>Exhibit A</u> and photos on CD)

13)    The <u>photo survey done the day keys were provided showed the property had been left to rot and ruin by the bank during the illegal lockout and property seizure.</u> Thousands in

damage occurred due to gaping holes in the roof, disrepair, and personal property removed. Although <u>court records submitted by Wells Fargo show that the bank had applied for FEMA funds of almost $8000.00, no repairs or maintenance was ever done on the property</u>, but thousands in fees were submitted to the court for work never done, or actually done by Plaintiff or the 18th Green HOA.  Neighbors stated bank agents made an occasional appearance, but never did anything while there. However, <u>they did do something while there, because all the personal property was taken and all sinks, tub, and shower had been used for urination and feces were in the toilet that under "Weatherized" tape.</u>

14) A statement was submitted to the Orange County Court in regard to Plaintiffs intent to remain in control of the property, reorganize and move forward. Wells Fargo via council was made fully aware of Plaintiffs intent.
(See **Exhibit B** *Memo_Contempt_Notice-Possession-2010-CA-023451-O_34748468*)

15) Although no money was available for repairs, progress was made with extensive cleaning and minor repairs, then an appointment set to meet with Don Asher Property Management Agent, Lisa Battaglini [lisab@donasher.com] after a series of referrals.

16) <u>Upon arrival, it became obvious that Wells Fargo agents had performed another illegal lockout causing inconvenience, substantial embarrassment, and bringing about the onset of a medical event (</u>due to diagnosed PTSD, uncontrollable high blood pressure, etc<u>). The property management arrangement was cancelled!</u>

17) A call to the phone number posted (Property Preservation) to request keys and the return of the missing ladder (and various other items) were unsuccessful. Wells Fargo was informed that the property was obviously not vacant, nor abandoned, and keys and the return of the ladder was required. <u>I was told by "Christine"</u> (#U290940 on 1/11/2016) <u>nothing could be done in regard to keys or the return of the ladder,  fax a complaint to 855-295-0942 per procedure. It was stated that the preservation crew that locked down the home could not be contacted to provide keys or return the stolen ladder</u>.

18) On January 13, 2016, Christine Quattry Peacock called the following day and reiterated the problem to "Bob", demanded Wells Fargo CEASE AND DESIST illegal lockouts and theft of property from the home and clarified to the bank representative that Wells Fargo was in violation of the Bankruptcy code regarding  collection activity on the home. <u>Wells Fargo representatives</u>

<u>stated that the illegal lockout was not a collection activity and that complaints were to be faxed to 855-295-0942 per procedure.</u> Christine Quattry Peacock then spoke with supervisor "Jennifer" who also stated nothing could be done about the illegal lockout or theft from the property, but that she had verified that Christine Quattry Peacock was authorized to discuss the account (after refusing since 2003), and submitted notes to the file.

19)     On January 14, 2016 at 3:12 pm, Wells Fargo called and apologized for the illegal lockout and said their preservation agent would contact me within 24 hours to arrange to unlock the home, provide keys and return the stolen ladder. I instructed "Brittany" that no time was too late to call as I needed the ladder to complete repairs and that the delay was costing me money I did not have.

20)     January 18, 2016, 4:30 pm and no efforts have been made to provide keys or return stolen ladder. No further contact.

21)     There is no doubt that Wells Fargo is well aware of the "STAY" and understands that they are in violation of this "STAY". (See **Exhibit C** *Various Bankruptcy filings by Wells Fargo*)

22)     Additional information regarding this case is that there is an APPEAL case filed with the 5th DCA, and that the property is legally owned by Christine Quattry Peacock and Michael Roggio. Electric and water service in the name of Christine Quattry Peacock with OUC is active on the property. Wells Fargo is taking part in breaking and entering as well as theft and by all indications it seems this illegal behavior will continue.

## COUNT I: AUTOMATIC STAY APPLIES TO THE DEFENDANT

23)     Section 362 stays action to collect a debt. Specifically, § 362(a)(6) protects Defendant from creditors that are acting in any capacity to collect, assess, or recover a claim against him that arose before the commencement of the bankruptcy proceedings.

24)     Defendant is enjoined by the automatic stay from creditor attempts to collect a debt, including being illegally lockout of Plaintiffs home and having contents stolen.

25)     The filing of a petition bankruptcy effectuates automatic of all proceedings against debtor effective the date the petition is filed and actions taken in violation of stay are void, even if there is no actual notice of the stay. (*Personalized Air Conditioning, Inc. v. C.M. Systems of Pinellas*, 522 So.2d. 465 Fla. App. 4 Dist, 1988).

## COUNT II: COLLECTION ACTIONS BY DEFENDANT VIOLATES AUTOMATIC STAY

26) Once a creditor/claimant receives notice of a Chapter 13 bankruptcy filing, there is an affirmative duty to undo its violations of automatic stay.
(*In re Keen*, 301 B.R. 749 Bkrtcy. S.D. Fla. 2003).

27) There can be no doubt that the Defendant had knowledge of the Plaintiffs pending bankruptcy case. (See **Exhibit C** *Various Bankruptcy filings by Wells Fargo*)

28) Defendant has filed several documents in Plaintiffs bankruptcy petition.

29) Defendant originally violated the automatic stay with Contempt of the Circuit Court Order to provide keys and access to the property (a delay of access to the property) so this is actually a second violation, with a statement that the illegal lockout and theft is "not collection activity".

30) Plaintiff notified the Circuit Court of intent with property and began making improvements with the intent of securing a roommate/renter. Defendants lack of cooperation is in direct violation of the automatic stay and caused further stress, anxiety, and financial loss.

## COUNT III: VIOLATION OF THE STAY WAS WILLFULL

31) Defendant has acted with blatant disregard to court rules and procedures.

32) Defendant was had been advised on the bankruptcy filing, received notices, submitted filings to the court, and are well aware of the "stay". Defendants have been made aware of Plaintiffs delicate health and have routinely taken actions to undermine Plaintiffs wellbeing.

33) Based on Defendants actions of deliberately making arrangements to lock down Plaintiffs home and send agents that removed personal property, Defendant has willfully violated the automatic stay in place for the Plaintiff.

34) A willful violation of the automatic stay occurs when the creditor knew that the stay had been invoked and deliberately intended the action that violated the stay (*In re Hedetneimi* 297 B.R. 837 Bkrtcy. M.D. Fla. 2003).

## COUNT IV: PLAINTIFF WAS INJURED BY DEFENDANTS MISCONDUCT

35)     Defendant deliberately locked down Plaintiffs home with the willful intent to injure Plaintiff. The ladder theft has also delayed efforts to make progress, not to mention the extreme embarrassment, blood pressure through the roof, and panic attack that was set in motion.

36)     Plaintiff filed for bankruptcy and believed she was finally relieved from the relentless pressure, continued criminal acts, and harassment of the Defendants, and began to make improvements, plans, and appointments with that thought in mind to take her life back.

37)     However, Defendant has failed to abide by the automatic stay, locked down the home, removed personal items, caused important business to be cancelled, and was uncooperative when the posted phone number was called, leaving the Plaintiff suffering from emotional distress and further financial hardship.

38)     Plaintiff has been injured mentally, physically and financially by Defendants actions.

## DAMAGES

WHEREFORE, Section 362(k)(I) provides that the court shall award an individual his costs and attorneys fees (Pro Se), in addition to actual damages. The debtor's damages include:

a) Precious time lost/"down" time from personal and professional life due to the medical events (PTSD panic attack, down time from spiked blood pressure, stress related Shingles attack) at a time when I am attempting to start a new job, extreme embarrassment/ cancelled contract / rescheduled meeting, lost time spent toward marketing efforts, travel time, and days spent in research and misery to prepare filings. Stress and anxiety from being told nothing can be done to undue lockout and theft.

b) Travel expenses, lost rents due to delay/property management contract cancellation, 7' aluminum ladder, heavy duty trash receptacle, roof shingles, etc.

c) Lastly, the Debtor has suffered interruption, annoyance, and continuing anxiety as she attempts but is unable to proceeds with her Chapter 13 bankruptcy filing or reorganization/restart activities.

**THEREFORE**, Since actions taken in violation of the automatic stay are void, the court is urged to find Wells Fargo Bank in violation of the automatic stay with damages awarded to the Plaintiff. Debtor requests an injunction to prevent further illegal lockouts and collection activities, return of personal property, and a reset of the stay duration to provide homeowner with the full allotment of time to reorganize and prepare documentation, and damages from the lost opportunity for rents and additional expenses incurred due to Defendants actions.

Under penalty of perjury, I declare that the information above and foregoing is true, correct and complete to the best of my knowledge and belief.

Executed this 19th day of January, 2016.

*Christine Quattry Peacock*
*Christine L. Peacock*

Fifth DCA Case No.: 5D15-3678

Lower Tribunal Case: 2010-CA-023451-O

Bankruptcy Case: Case 6:15-bk-08657-CCJ

ss/ Christine L. Peacock
Address: 1190 July Circle
Deltona, FL 32738
Telephone: (386) 868-1196
Email: legal@digital-studios.biz

## NOTARY ACKNOWLEDGEMENT

STATE OF FLORIDA,
COUNTY OF VOLUSIA

Before me, the undersigned Notary Public, do hereby affirm that Christine Quattry Peacock, who upon being duly sworn, affirmed and testified that each of these statements was made upon personal knowledge with full understanding of potential penalties for perjury, personally appeared before me on the 19th day of January 2016, and signed the above Affidavit as her free and voluntary act and deed.

NOTARY PUBLIC:

_Notary Public_
TITLE & RANK:

_3/11/16_
COMMISSION EXPIRES

RUBEN PEREZ
Notary Public - State of Florida
My Comm. Expires Mar 11, 2016
Commission # EE 178085

1/19/16

Filing # 33822697 E-Filed 10/29/2015 10:51:11 AM

EXHIBIT A

IN THE CIRCUIT COURT OF THE
NINTH JUDICIAL CIRCUIT IN AND
FOR ORANGE COUNTY, FLORIDA

CIVIL DIVISION 35

CASE NUMBER 2010-CA-023451-O

WELLS FARGO BANK, N.A.,

    Plaintiff,

vs.

CHRISTINE PEACOCK, a/k/a
CHRISTINE QUATTRY PEACOCK,
et al.,

    Defendants.
_____/

## ORDER SETTING HEARING

The undersigned judge has scheduled the above-styled case for an **Evidentiary Hearing** on

**DEFENDANT'S MOTION FOR CONTEMPT FOR FAILURE TO COMPLY
WITH THIS COURT'S ORDER**

on Thursday, November 12, 2015 at 11:15 a.m. at the Orange County Courthouse, 425 North Orange Avenue, Hearing Room 1100.01, Eleventh Floor, in Orlando, Florida. Time reserved shall be fifteen minutes.

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator, Human Resources, Orange County Courthouse, 425 N. Orange Avenue, Suite 510, Orlando, Florida, (407) 836-2303, at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.

DONALD A. MYERS, JR
CIRCUIT JUDGE

Filing # 34748468 E-Filed 11/23/2015 08:11:13 AM

EXHIBIT B

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA
CIVIL ACTION

WELLS FARGO BANK, N.A.,
Plaintiff.
v.

Division: 35

CHRISTINE QUATTRY PEACOCK
Defendant,
_____/

Case No.: 2010-CA-023451-O

## MEMORANDUM
## DEFENDANT'S MOTION FOR CONTEMPT FOR FAILURE TO COMPLY
## WITH THIS COURT'S ORDER

COMEs NOW Defendant CHRISTINE PEACOCK, Pro Se, and adds the following to the record in regard to Defendants Motion for Contempt for Failure to Comply with this Courts Order to provide keys to the subject property after illegal lockout on 4 occasions, violation of privacy, theft, and slander, in accordance with Fla. R. Civ. P. 1.570(c)(1) and 1.570(c)(2):

    1.    On October 27, 2015, the Defendants Appeal of 2010-CA-023451-O was accepted and docketed to the 5dca, and is currently under a stay of one year due to the Bankruptcy filed in Federal Court. Defendant plans to keep her home, which at this point in time is owned by Christine Quattry Peacock and Michael Roggio.

    2.    Prior to the hearing date on the matter of Contempt, Plaintiffs offered the key to Defendant Peacocks home at 3876 Villa Rose, after efforts and correspondence dating from 2011, when Defendant was repeatedly illegally locked out while having surgery. Plaintiffs erroneously claimed the residence, which contained personal property and was obviously being upgraded and remodeled, was abandoned.

    3.    On Thursday, November 19, 2015, Defendant accepted a key to the front door of 3876 Villa Rose and the padlocks were cut from the attic storage and screened patio by representative Robert Miner. This was documented by Mr. Miner. Defendant stated to Mr. Miner, and states to the Plaintiff and the Court that **Defendant has taken possession of her home at 3876 Villa Rose**.

  4. On Thursday, November 19, 2015, Defendant conducted a survey and walk-thru of the property, which was in a state of utter neglect. Photographs document damage to the premises. A conservative estimate of several thousand dollars in damage, due to complete neglect of the premises was documented. This damage occurred as the result of the illegal repetitive lockout of the homeowner after extensive remodeling and repair had been done. Plaintiff's agents slandered Defendants, causing a hostile and unsafe environment that required repeated police intervention. This completed a campaign by the Plaintiff to financially disable the chronically ill Defendant, depriving her of rents and revenue totaling $900.00 monthly, $600.00 rent plus utilities.

  5. Locked down in a clean well-maintained condition with personal property inside and a single on-going remodeling project close to completion, a fireplace surround, with the expensive tiles stacked by the fireplace ready for placement, the property was in an obvious state of neglect, disrepair and damage when Defendant arrived on November 19, 2015. At that time it was confirmed that additional personal property had been removed from locked utility areas at some point as a result of the lockout to include washer, dryer and a full set of lawn tools and equipment. The utility areas were now unlocked.

  6. Almost all Defendants personal items have been removed from the home, with the exception of an antique chair, table, and futon bed. All clothes, washer, dryer, utensils, dishes, cookware, linens, tools, supplies, materials and etc. are missing. The utility doors that were locked up tight so Defendant could not move the washer and dryer, and tools were open and the strike plate missing completely from the front storage. The attic access cover inside the utility was missing and items were in process of being removed. The metal security entry door had been destroyed upon initial lockout and the doorknob pried out destroying the solid wood entry door. Extensive water damage was evident throughout that would not have occurred had simple timely repairs been done. Neglect had turned simple repairs into drastic disrepair and thousands in damage. **<u>Defendant to obtain estimates.</u>**

- ❖ A large gaping hole in the side of the building allowed considerable rain and weather, as well as large animals access to the attic, causing damage to the contents and the ceilings.

- ❖ The chimney is literally rotted off the building leaving the roof open.

- ❖ Every single upright post is rotted several inches, with the uprights on the patio hanging from the headers above. Evidence of **<u>long term flood damage</u>** is obvious although some effort was made to obscure what was an on-going problem left unattended.

- Gutters had been full so long there was solid growth of foliage. Millwork near the loaded gutters is rotted from neglect. Vines were growing through the screen of the patio and along the patio floor, which was covered in silt. Structural cedar beams are rotted through due to holes left unattended in the entry patio roof for an extended length of time. These beams are a custom order and expensive.

- Landscaping has been butchered and left to die in all areas aside from the front of the building. Termites and carpenter ants have been allowed to eat the trees.

- Obvious by cursory glance, several items were erroneously invoiced by Plaintiffs but never done/never repaired/never maintained. **Defendant to provide a list & photos.**

- The bank has allowed the neighbors to house vehicles in the carport, and until recently were feeding feral cats under the patio, but on November 19, 2015, no evidence of cats remained.

- Neighbors and HOA Board Members state that while the "bank" did appear from time to time and walk around, no maintenance was ever observed, no groundskeeping was ever performed (although invoiced continually) by the bank but rather performed by the HOA as usual. Clearly a thorough review of all invoices is in order.

    5.    In summary, for the record, as stated, Defendant takes possession of her property, still owned and currently in litigation. No claim can be made that Plaintiffs hostile takeover and illegal lockout of homeowner is for the preservation of the property since it is clear extensive damage and theft occurred due to Plaintiffs illegal lockout.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I have electronically filed via eDCA Portal, where a true and correct copy of the foregoing will be furnished to BROCK & SCOTT, PLLC/ Wolfe & Associates, P.L., contact of record, 4919 Memorial Highway, Suite 135 Tampa, FL 33634, FL CourtDocs@brockandscott.com, to the eDCA Portal, today November 23, 2015.

*Christine Quattry Peacock*

s/Christine L. Peacock

Service Address: 1190 July Circle
Deltona, FL 32738
Telephone: (386) 868-1196
Email: legal@digital-studios.biz

Wells Fargo mailing address:
1 Home Campus, Des Moines, IA  50328-0001

**From:**
**To:**
**Subject:** U.S. Bankruptcy Court, Middle District of Florida - Undeliverable Notice, In re: Christine Lynne Quattry, Case Number: 15-08657, CCJ, Ref: [p-88377527]
**Date:** Thursday, October 29, 2015 2:36:10 PM
**Attachments:**

<u>Notice of Undeliverable Mail to Debtor</u>

October 30, 2015

From: United States Bankruptcy Court, Middle District of Florida

Re: U.S. Courts, Bankruptcy Noticing Center - Undeliverable Notice
In re: Christine Lynne Quattry, Case Number 15-08657, CCJ

**FILED VIA MAIL**

**NOV - 2 2015**

CLERK U.S. BANKRUPTCY,
ORLANDO DIVISION

**TO THE DEBTOR:**

The attachment could not be mailed to the notice recipient(s) listed below because the United States Postal Service (USPS) has determined that those addresses in the case mailing list are undeliverable.

Please be advised that dischargeability of a debt may be affected if a creditor fails to receive certain notices. You should determine whether an address should be updated. Consult an attorney with any legal questions you might have.

**NOTE: No further notices will be mailed to the notice recipient(s) listed below, if the USPS continues to designate the address as undeliverable, until the address is updated in accordance with local court policy, which may allow for use of this form, a separate notice of change of address, and/or an amended schedule. THIS FORM CANNOT BE USED TO ADD A NEW CREDITOR NOT PREVIOUSLY LISTED ON YOUR SCHEDULES.**

If this form is used by your court in place of filing a separate notice of change of address and/or an amended schedule: 1) determine the updated address and send the attachment to each recipient below; 2) type or print legibly each updated address below; 3) sign and date the form; and 4) file this form with the court at the following address:

**United States Bankruptcy Court
George C. Young Federal Courthouse
400 West Washington Street
Suite 5100
Orlando, FL 32801**

Undeliverable Address:
Wells Fargo Bank, N.A.

Reason Undeliverable: INCOMPLETE ADDRESS

*CHRISTINE QUATTRY PEACOCK
AKA CHRISTINE LYNN PEACOCK*

THE UPDATED ADDRESS IS:
*WELLS FARGO BANK N.A
1 HOME CAMPUS, IA 50328-0001*

*Christine Quattry Peacock*    10/29/15
Signature of Debtor or Debtor's/Attorney        Date

The Bankruptcy Noticing Center does not respond to messages regarding bypass notification. Please contact the U.S. Bankruptcy Court where the case is pending with questions or comments.

*THIS ADDRESS IS THE ONE GIVEN OVER THE PHONE WHEN I SAID I WAS SERVING A LAWSUIT ON THEM.* — Christine Quality Peacock

Are you a legal Professiona
Visit our professional si
Law firm marketi

Updated 6/19/2013

Your profile? Update now

Search FindLaw

# Wells Fargo - Wells Fargo Bank - Wells Fargo Home Mortgage (Branch Office)

Wells Fargo

MAC X2301-04R
1 Home Campus
Des Moines, IA 50328 -0001

Phones: (515) 324-3707

**Websites associated with this firm:**
www.wellsfargo.com
View other locations

## PEOPLE

### Attorneys

Bragg, Holly Jean Wilson
(Managing Counsel)
Delanoit, Peter Steven
(Attorney)

## OFFICE INFORMATION

### Address

MAC X2301-04R
1 Home Campus
Des Moines, IA 50328-0001

### Phone

(515) 324-3707

### Websites

http://www.wellsfargo.com

### Other Offices

## MAP LOCATION

Placement on map is approximate.

## HOW DO I CHOOSE A LAWYER?

Consider the following:
**Comfort Level** - Are you comfortable telling the lawyer personal information? Does the lawyer seem interested in solving your problem?
**Credentials** - How long has the lawyer been in practice? Has the lawyer worked on other cases similar to yours?
**Cost** - How are the lawyer's fees structured - hourly or flat fee? Can the lawyer estimate the cost of your case?
**City** - Is the lawyer's office conveniently located?

## NOT SURE WHAT QUESTIONS TO ASK A LAWYER?

Here are a few to get you

United States Bankruptcy Court
Middle District of Florida

In re:                                                          Case No. 15-08657-CCJ
Christine Lynne Quattry                                         Chapter 13
           Debtor

## CERTIFICATE OF NOTICE

District/off: 113A-6        User: hmary           Page 1 of 2          Date Rcvd: Oct 28, 2015
                            Form ID: pdfdoc       Total Noticed: 16

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Oct 30, 2015.
25847059        +A. R. Resources,   Emergency Medicine Professionals,   1777 Sentry Parkway,
                  Bluebell, PA 19422-2207
25847056         Florida Department of Revenue,   Bankruptcy Unit,   Post Office Box 6668,
                  Tallahassee FL 32314-6668
25861502         Green Tax Funding 1,   2876071,   P O Box 645040,   Cincinnati OH  45264-5040
25861503         Green Tax Funding 4 US Bank,   c/o Green Tax Funding 43183885,   P O Box 645040,
                  Cincinnati OH  45264-5040
25847066         North American Credit Services,   Florida Hospital Fish Memorial,
                  2810 Walker Rd  PO Box 182221,   Chattanooga, TN 37421-1082
25847068         North American Credit Services,   MEDICAL-Florida Hospital Fish Memorial,
                  2810 Walker Rd  PO Box 182221,   Chattanooga, TN 37421-1082
25847071         North American Credit Services,   SW Volusia Prof Services,   2810 Walker Rd  PO Box 182221,
                  Chattanooga, TN 37421-1082
25847062        +Pinnacle Credit Services,   Verizon Wireless,   P.O. Box 640,   Hopkins, MN 55343-0640
25847072        +Receivable Management Group,   Central FL Imaging,   2901 University Ave.,
                  Columbus, GA 31907-7601
25847063        +United Collection Service,   County of Volusia EVAC,   106 commerce St. Ste 106,
                  Lake Mary, FL 32746-6217
25847058        +Volusia County Revenue Division,   Thomas C. Kelly Administration Center,
                  123 W. Indiana Ave,, # 103,   DeLand, FL 32720-4615
25847896         Wells Fargo Home,   Mortgage/Wells Fargo NA,   1 Home Campus,   Des Moines IA 50328-0001

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
cr              +E-mail/Text: revenuebankruptcy@volusia.org Oct 28 2015 23:12:09
                  Finance Department County of Volusia,   123 W Indiana Ave Rm 103,   Deland, FL 32720-4615
25861504         E-mail/Text: ar@figadvisors.com Oct 28 2015 23:12:49     Capital One,
                  CLTRL Assignee of FIg 2222 LLC,   3086725,   P O Box 54418,   New Orleans LA  70154-4418
25847057         E-mail/Text: cio.bncmail@irs.gov Oct 28 2015 23:11:47     Internal Revenue Service,
                  Post Office Box 7346,   Philadelphia PA 19101-7346
25847055        +E-mail/Text: Bankruptcy@octaxcol.com Oct 28 2015 23:11:32     Orange County Tax Collector,
                  PO Box 545100,   Orlando FL 32854-5100
                                                                                              TOTAL: 4

             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr               Wells Fargo Bank, N.A.
25847060*       +A. R. Resources,   Emergency Medicine Professionals,   1777 Sentry Parkway,
                  Bluebell, PA 19422-2207
25847061*       +A. R. Resources,   Emergency Medicine Professionals,   1777 Sentry Parkway,
                  Bluebell, PA 19422-2207
25847065*       +A. R. Resources,   Emergency Medicine Professionals,   1777 Sentry Parkway,
                  Bluebell, PA 19422-2207
25847070*        North American Credit Services,   MEDICAL-Florida Hospital Fish Memorial,
                  2810 Walker Rd  PO Box 182221,   Chattanooga, TN 37421-1082
25847067*        North American Credit Services,   Florida Hospital Fish Memorial,
                  2810 Walker Rd  PO Box 182221,   Chattanooga, TN 37421-1082
25847069*        North American Credit Services,   Florida Hospital Fish Memorial,
                  2810 Walker Rd  PO Box 182221,   Chattanooga, TN 37421-1082
25847064*       +United Collection Service,   County of Volusia EVAC,   106 commerce St. Ste 106,
                  Lake Mary, FL 32746-6217
                                                                                 TOTALS: 1, * 7, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Oct 30, 2015                          Signature: /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
District/off: 113A-6          User: hmary              Page 2 of 2           Date Rcvd: Oct 28, 2015
                              Form ID: pdfdoc          Total Noticed: 16
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on October 28, 2015 at the address(es) listed below:
        Christine Lynne Quattry    legal@digital-studios.biz
        Laurie K Weatherford    ecfdailysummary@c13orl.com
        Laurie K Weatherford    on behalf of Trustee Laurie K Weatherford ecfdailysummary@c13orl.com
        Neisi L Garcia Ramirez    on behalf of Creditor   Wells Fargo Bank, N.A. midbkmail@wolfelawfl.com
        United States Trustee - ORL7/13, 7   USTP.Region21.OR.ECF@usdoj.gov
                                                                                                    TOTAL: 5

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE:

Christine Lynne Quattry
aka Christine Quattry Peacock

Debtor(s).

CASE NO.  6:15-bk-08657-CCJ
CHAPTER 13

_____/

REQUEST FOR NOTICE
AND REQUEST TO BE ADDED TO CREDITOR'S MATRIX

TO:    THE HONORABLE BANKRUPTCY CLERK

COMES NOW, WELLS FARGO BANK, N.A., its Successors and/or Assigns, a Creditor in the instant case, by virtue of that certain loan more specifically identified as loan number *******9058 and related to the property described as 3876 VILLA ROSE LANE, and files this Request for Notice AND Request to be Added to Creditor's Matrix. The Creditor requests that any and all notices required under the Bankruptcy Rules, Bankruptcy Code, and Local Rules be sent to

Brock & Scott, PLLC
P.O. Box 25018
Tampa, Florida  33622-5018
(813)  251-4766
(813) 251-1541 Fax

The undersigned counsel's filing of this Request for Notice and Request to be Added to Creditor's Matrix should not be construed as unlimited representation of the Creditor with respect to any and all matters, proceedings, or actions that may be taken in the instant case or any associated case or proceeding involving the above named Creditor.

Brock & Scott, PLLC
Post Office Box 25018
Tampa, FL 33622-5018
(813) 251-4766 Ext: 3485
Fax: (813) 251-1541
Email: bkatt@wolfelawfl.com

By: /s/ Neisi I. Garcia Ramirez
Neisi I. Garcia Ramirez
Florida Bar No. 0091430
ATTORNEY FOR WELLS FARGO BANK, N.A.