FILED VIA MAIL

DEC 15 2016

CLERK U.S. BANKRUPTCY,
ORLANDO DIVISION

UNITED STATES BANKRUPTCY COURT
Middle District of Florida
Orlando Division

Christine Lynne Quattry
aka Christine Quattry Peacock

Case No: Case 6:15-bk-08657-CCJ

Debtor.

Chapter 13

______________________/

# DEBTORS OBJECTION

## TO MOTION FOR ORDER CONFIRMING TERMINATION OF THE AUTOMATIC STAY BY CHALLENGED CLAIMANT WELLS FARGO and/or in the alternative MOTION TO RETAIN OR REIMPOSE STAY AS TO PROPERTY OF THE ESTATE

**Debtor, Christine Lynne Quattry**, Debtor OBJECTS to termination of the automatic stay, and hereby moves to continue and/or re-imposition of a stay with respect to her residential property located at 3876 Villa Rose Lane, Orlando, Florida 32808, which is property of the estate, and in support thereof avers as follows:

1. On November 15, 2016, this court allowed presentation of an Ore Tenus Motion for an Order terminating the automatic stay with respect to the Debtor's residence in favor of false claimant Wells Fargo Bank, N.A. ("Claimant"). This ambush in open court came after Claimant had suggested an offer of settlement for egregious and life altering violations of the automatic stay for which a preliminary hearing notice (*Doc. No. 28*) on January 22, 2016, "**Motion by Debtor re: Violation of Automatic Stay by Wells Fargo (Doc. No. 27)**" had been set for April 5, 2016.

2. The Debtor's residence is and at all times relevant to this case has been an asset included in the Debtor's bankruptcy estate, and at present sole source of income for partially disabled Debtor since regaining possession of the residence after a series of violations of stay by the Claimants, Wells Fargo Bank, N.A.



95 ec

3. On March 4, 2016, one day prior to an especially egregious violation of automatic stay, Courtney McCormick, associate attorney at McGuireWoods LLP filed "**NOTICE OF APPEARANCE AND REQUEST FOR NOTICE AND SERVICE OF PAPERS**" (*Doc. 36*)", and was the ONLY attorney to file the required Notice of Appearance in the case.

4. Attorney McCormick soon suggested that the Claimants would provide a settlement to the Debtor for the violations of automatic stay, and ***Debtor clarified her interest in a settlement***. Due to following life-altering violations, Debtor was delayed in preparing the necessary "**DEBTOR'S AMENDED MOTION FOR WILLFULL VIOLATION OF AUTOMATIC STAY & CONTEMPT AGAINST DISPUTED CLAIMANT WELLS FARGO BANK, N.A. Request for Injunction, Sanctions, and Actual, Compensatory, Statutory, and Punitive Damages**", so that attorney McCormick could grasp the scope and gravamen of the violations. It was also necessary for the Debtor to obtain Discovery from the Claimant since discovery had not been forthcoming and was still pending at the time of the filing of the bankruptcy petition on October 13, 2015. Debtor had to determine the willful wanton utter lawlessness of the violations with discovery, knowing that all standing documents in the 9th Circuit Case were fraudulent and that case 2010-CA-023451-O was ***void ab initio*** for failure to join an indispensable party, a Motion that was also pending at the time of the bankruptcy petition.

5. Although Debtor invited settlement, there were issues with discovery that attorney McCormick had documented would arrive on a "rolling" basis after a limited amount of information was provided, ***and no actual settlement was offered***, although there were several continued hearings on the matter to accommodate said settlement. Debtor had clarified that there would be no discussion over the phone as requested due to a requirement that all offers be documented in writing due to Claimants history of fraud, misconduct, and non-compliance with even Federal Consent Orders. Debtor also has a medically diagnosed hearing impairment, for which a hearing aid does not compensate and Debtor is not comfortable with the "Caption Call" service she was prescribed. Written offers of settlement are an acceptable means of negotiation/mediation to accommodate Debtor's disabilities.

6. The Ore Tenus motion was presented by attorney Reka Beane, who has no required "Notice of Appearance" in the case, nor does the law firm that employs both attorneys Reka Beane

and Teresa Hair, who has filed disputed Motions in the case (MOTION TO ALLOW LATE FILED CLAIM NO. 10-1), as well as the motion at issue, "MOTION FOR ORDER CONFIRMING TERMINATION OF THE AUTOMATIC STAY", has not filed Notice of Appearance. There has been no 'Notice of Appearance' filed on behalf of Ms. Hair, nor the law firm she represents per Fed. R. Bankr. P. 9010(b), and Fed. R. Bankr. P. 9010(c). Neither attorney is authorized to file motions in the case.

7. To the extent that the Claimant has an interest in the debtor's estate is vehemently debated and disputed for the following reasons:

   a) The Claimant failed to join an indispensable party in case 2010-CA-023451-O, which is therefore [emphasis added] ***void ab initio***, has motions pending on that matter, and which is documented by the Amended Notice of Appeal in the 9th Circuit Civil, Florida.

   b) The 9th Circuit case # remained re-opened at the time of bankruptcy petition due to the Claimants own non-compliance with the final order and the matter was set for hearing, which is pending, therefore the Final Order is held in abeyance and the Claimant has no legitimate legal claim as a creditor.

   c) **The Claimant made no objections to Debtors Bankruptcy Plan although attending meetings, hearings and receiving notices** (although the Claimant clarified that clarified that it abstained from Court jurisdiction in the October 22, 2015 filing: "REQUEST FOR NOTICE AND REQUEST TO BE ADDED TO CREDITOR'S MATRIX" stated the following, without submitting to court jurisdiction with Notice of Appearance: "***The undersigned counsel's filing of this Request for Notice and Request to be Added to Creditor's Matrix should not be construed as unlimited representation of the Creditor with respect to any and all matters, proceedings, or actions that may be taken in the instant case or any associated case or proceeding involving the above named Creditor.***"). Failure to object in a timely manner is implied consent.

   d) The Claimants interest in the estate was late-filed and disputed with sanctions, was without required documentation and writings to support the false claim and also far in excess of the fair market value of Debtor's real estate. That issues is currently before the court, so lifting the stay for a disputed unauthorized claimant for an issue yet unresolved would be premature and further injure the Debtor to an even greater extent than the egregious and multiple violations of stay that have taken place, and are also before the court and have not yet been resolved.

   e) The Claimant has represented for several months that a settlement was forthcoming and instead requests motion to the contrary by ambush, Ore Tenus.

   f) Claimant is not a person entitled to enforce any note against the property, is without standing, has no Note or security interest in the property, and it attempting grand theft of Debtors residence with fraudulent real estate documents of transfer.

8. Debtor has NEVER had the benefit of legally bestowed via automatic stay since the Claimant has been in violation of that stay from day one and continued to participate in willful, wanton, and even egregious violations that have caused life-altering financial and health problems complicated by EXTREME emotional distress and decline of Debtors physical health, prevented Debtor from participating in Vocational Rehab (delayed by almost a year), or other activities to facilitate gainful income, due to the extreme duress and time-intensive requirements of Claimants violations of stay, and other vexatious filings.

9. Debtor is in critical need of the safe haven, fresh start, and respite, provided by the automatic stay of which she has as yet been deprived without active interference by the Claimant. Debtor has several critical financial and healthcare issue that are in need of focus time that could result in financial demise or even premature death, and therefore would be substantially harmed by having to redirect time toward matters of Appeal at this time. Debtor requests that an automatic stay be implemented, free of violations and with protection from further vexatious filings, which in themselves are yet another violation of automatic stay, so that she can regroup, participate in Vocational Rehabilitation for employment and critical healthcare, continue to repair the utter rot and ruin in which possession of the subject property was returned, and have an actual year of respite that Debtors are normally afforded.

10. Debtor would be more financially, physically, and emotionally able to attend to all the above matters given the automatic stay from of intrusion, harassment. violations, and illegal acts by the Claimant for at least one year.

**WHEREFORE**, the Debtor requests that this Court maintain and/or re-impose a stay applicable to Claimant Wells Fargo Bank, N.A., protecting the Debtor's residence.

ss/ Christine L. Peacock
Address: 1190 July Circle
Deltona, FL 32738
Telephone: (386) 868-1196
Email: legal@digital-studios.biz

CERTIFICATE OF SERVICE

**I, CHRISTINE QUATTRY PEACOCK, ProSe, HEREBY CERTIFY,** under penalty of perjury, that I have sent a true and correct copy of the attached document **December 10, 2016**, via email to the attorney's associated with the matter and then by U.S. Mail, to the Court to be distributed by ECF to interested parties,

**/s/ Christine Quattry Peacock**
Address: 1190 July Circle
Deltona, FL 32738
Telephone: (386) 868-1196
Email: legal@digital-studios.biz

Filing # 31200550 E-Filed 08/24/2015 09:15:44 AM

IN THE CIRCUIT COURT OF THE
NINTH JUDICIAL CIRCUIT, IN AND
FOR ORANGE COUNTY, FLORIDA
Case No: 2010-CA-023451-O

WELLS FARGO BANK, N.A.,
Plaintiff,
v.
CHRISTINE PEACOCK A/K/A
CHRISTINE QUATTRY PEACOCK, et al.,
Defendant.
____________________________/

**MOTION TO DISMISS FOR FAILURE TO JOIN INDISPENSABLE PARTY**
**INSUFFICIENT SERVICE OF PROCESS**
**LACK OF JURISDICTION OVER CO-OWNER DEFENDANT**

Defendant, CHRISTINE PEACOCK, files a Motion to Dismiss for Failure to Join Indispensable Party. Michael Roggio, an establish essential required personal jurisdiction of the Court over the co-owner of the subject property and primary party to the lawsuit, pursuant Fla. R. of Civ. P. Rule 1.140(h)(2), pursuant Rule 1.070 (j), Fla. R. of Civ. P. (2010), Fla. R. of Civ. P. Title 4 Rule 19 and FS Chapters 48 and 49. Although it may appear upon cursory inspection that service of process has been returned perfected on Mr. Roggio, Defendant refutes that it is a fact. Immediately following the August 7 2015 hearing, Defendant Peacock carefully reviewed EVERY document submitted in the subject file and **confirmed with the Clerk of the Court that service had NOT BEEN RETURNED on Michael Roggio. However, a diligent, significant, and even heroic effort was made to serve the Unknown Spouse of Michael Roggio, as follows:**

**06/18/2014**
Filing # 14934119 Electronically Filed **06/18/2014** 09:21:10 AM

**07/08/2014**
Filing # 15667474 Electronically Filed **07/08/2014** 03:21:05 PM
Affidavit of Non-Service on THE UNKNOWN SPOUSE
OF MICHAEL ROGGIO AKA MICHAEL JOSEPH ROGGIO N/KIA SAKURA YUASA, 1190 JULY CIRCLE, DELTONA, FL 32738.
"that I failed to find ANY UNKNOWN SPOUSE OF MICHAEL ROGGIO."

**7/17/2014**
Affidavit for Service by Publication

**7/17/2014**
AFFIDAVIT OF DILIGENT SEARCH AND INQUIRY
THE UNKNOWN SPOUSE OF MICHAEL ROGGIO AKA MICHAEL JOSEPH ROGGIO AKA SAKURA YUASA

**7/17/2014**
Instructions to Clerk of Court
THE UNKNOWN SPOUSE OF MICHAEL ROGGIO AKA MICHAEL JOSEPH ROGGIO AKA SAKURA YUASA

**7/17/2014**
Notice of Action Issued
THE UNKNOWN SPOUSE OF MICHAEL ROGGIO AKA MICHAEL JOSEPH ROGGIO AKA SAKURA YUASA

**7/17/2014**
Certificate of Mailing
Certificate Regarding Mailing of Notice (check signatures)

**8/14/2014**
Proof of Publication
THE UNKNOWN SPOUSE OF MICHAEL ROGGIO AKA MICHAEL JOSEPH ROGGIO AKA SAKURA YUASA

**See attached EXHIBITS.**

EXHIBITS EVIDENCING FAILURE TO JOIN NOT ATTACHED IN Case 6:15-bk-08657-CCJ U.S. MAIL FILING BUT AVAILBLE BY EMAIL AND WILL BE AVAILABLE AT HEARING.

1. **Pursuant 1.140(b),** Co-defendant Christine Peacock moves to dismiss in accordance with Rule **1.140(b) (2) lack of jurisdiction over the person;** (4) **insufficiency of process;** (5) **insufficiency of service of process;** and (7) **failure to join indispensable parties.** These issues were brought to the attention of the Court in the initial Motion to Dismiss (**Filing # 26130089 E-Filed 04/15/2015 03:22:28 PM**).

2. **Pursuant 1.110(h),** in the Second Amended Complaint which was re-opened. after Summary Judgment, "**The action shall then proceed in the same manner and time as though the**

**supplemental complaint or petition were the initial pleading in the action, including the issuance of any needed process."** Michael Roggio failed to appear at the Case Management Hearing due to insufficient service of process and is an indispensable party to the Complaint.

3. Summons must have been served upon defendant Michael Roggio, as it was served upon all other defendants in the case. Almost 18 months has elapsed with no perfection of service on Michael Roggio, therefore **the case must be dismissed.**

4. Defendant Peacock rebuts that a diligent effort has been made to effect service of process upon Michael Roggio. **Although service may be effected upon a defendant in some instances under FS 49.011 by publication, that remedy is not available in the instant matter according to FS 49.021 since Michael Roggio is a private individual and local resident.** Service was attempted at 1190 July Circle and refused since that has not been a good address since 2001 and is not a last known address per court and public record.

5. Due service of process is essential to satisfy jurisdictional requirements over the subject matter and the parties in a foreclosure action. Fla. R. of Civ. P. Rule 1.070, and Chapters 48 and 49 of the Florida Statutes. Service of process must be made upon the defendant within 120 days after the filing of the initial pleading. Rule 1.070(j), Fla. R. Civ. P. (2010). Absent a showing of excusable neglect or good cause, the failure to comply with the time limitations may result in the court's dismissal of the action without prejudice or the dropping of the defendant. Personal Service I. Section 48.031 (1), Fla. Stat. (2010) requires that service of process be effectuated by a certified process server on the person to be served by delivery of the complaint or other pleadings at the usual place of abode or by leaving the copies at the individual's place of abode with any person residing there, who is 15 years of age or older and informing them of the contents. § 48.27, Fla. Stat. (2010). Florida Statutes clarifies specifically:

> (j) Summons; Time Limit. If service of the initial process and initial pleading is not made upon a defendant **within 120 days after filing** of the initial pleading directed to that defendant the court, on its own initiative after notice or on motion, shall direct that service be effected within a specified time or shall dismiss the

> action without prejudice or drop that defendant as a party; provided that if the plaintiff shows good cause or excusable neglect for the failure, the court shall extend the time for service for an appropriate period. When a motion for leave to amend with the attached proposed amended complaint is filed, the 120-day period for service of amended complaints on the new party or parties shall begin upon the entry of an order granting leave to amend. A dismissal under this subdivision shall not be considered a voluntary dismissal or operate as an adjudication on the merits under rule 1.420(a)(1).

6. Jurisprudence further holds that a party is *indispensable*, not only if he has an interest in the subject matter of the controversy, but also if his interest is such that a final decree cannot be made without affecting this interest or without placing the controversy in a situation where the final determination may be wholly inconsistent with equity and good conscience. He is a person whose absence disallows the court from making an effective, complete, or equitable determination of the controversy between or among the contending parties *(See Moldes v. Villanueva*, G.R. No. 161955, August 31, 2005, 468 SCRA 697, 707-708; *Servicewide Specialists, Inc. v. Court of Appeals*, 376 Phil. 602, 612 (1999) *cited in MARMO vs. ANACAY*, G.R. No. 182585, November 27, 2009, Second Division, Brion, J.).

7. Further, Citing Balentine's Law Dictionary: **Indispensable Party**

A person materially interested either legally or beneficially in the subject matter of the suit. Green v Brophy, 71 App DC 299, 110 F2d 539, 9 ALR2d 1. A person who must be joined as a party if the action is to succeed. McAndrews v Krause, 245 Minn 85, 71 NW2d 153, 53 ALR2d 312. A person who has an interest in the subject matter of the controversy in litigation of such nature that the final judgment cannot be rendered between the other parties to the suit without radically and injuriously affecting that interest, or without leaving the controversy in such a situation that its final determination may be inconsistent with equity and good conscience. 39 Am J1st Parties § 5. The true rule as to indispensability of parties calls for a reconciliation of the desirability, on the one hand, of preventing multiplicity of suits and obtaining a complete and final decree between all interested parties, and, on the other hand, of having some adjudication if at all possible rather than none. Gaussv Kirk, 91 App DC 80, 198 F2d 83, 33 ALR2d 1085.

8. An individual who has an interest in the substantive issue of a legal action of such a nature that a final decree cannot be handed down without that interest being affected or without leaving the controversy in a condition whereby its final determination would be totally **Unconscionable**.

9. **Pursuant 1.140 (h)** Waiver of Defenses (2) The defenses of failure to state a cause of action or a legal defense or to join an indispensable party may be raised by motion for judgment on the pleadings or at the trial on the merits in addition to being raised in either a motion under subdivision (b) or in the answer or reply. **The defense of lack of jurisdiction of the subject matter may be raised at any time**. *Morales v. Sperry Rand*, 601 So. 2d 538 (Fla. 1992).

**WHEREFORE**, Defendant, Christine L. Peacock, respectfully requests that this honorable Court grant a Motion to Dismiss for Lack of Personal Jurisdiction of the Court over primary party to the lawsuit, co-owner of the subject property and co-defendant Michael Roggio, due to Failure to Join an Indispensable Party, and Insufficiency of Service of Process. Defendant requests that the Court award damages, costs and attorneys fees in addition to other relief and sanctions deemed proper at an evidentiary hearing.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I have electronically filed via the Florida Courts eFiling Portal where a true and correct copy of the foregoing will be furnished to the Wolfe & Associates, P.L., contact of record, P.O. Box 25018 Tampa, FL 33622-5018, eservice@wolfelawfl.com; via [x] Email Delivery, as well as other interested parties that have attached contact info to the eFiling Portal, August 24, 2015.

Christine L. Peacock 8/24/15

**/s/Christine L. Peacock**

Service Address: 1190 July Circle
Deltona, FL 32738
Telephone: (386) 868-1196
Email: legal@digital-studios.biz

DISCLAIMER:
Pro Se Defendant makes excusable errors in filings due to prescribed "pain management" for disabling injuries, but defendant identified, defended, and preserved that affirmative defense in multiple motions, with a motion pending at trial, and attempted ore tenus trial presentation under threat of "contempt" at trial. Defendant's scriveners errors and case law misquotes do not change that co-owner was not joined and court was without proper jurisdiction for an improper foreclosure that was void ab initio.

Filing # 34077877 E-Filed 11/04/2015 04:14:14 PM

IN THE CIRCUIT COURT OF THE
NINTH JUDICIAL CIRCUIT IN AND
FOR ORANGE COUNTY, FLORIDA

CIVIL DIVISION 35

CASE NUMBER 2010-CA-023451-O

WELLS FARGO BANK, N.A.,

Plaintiff,

vs.

CHRISTINE PEACOCK, a/k/a
CHRISTINE QUATTRY PEACOCK,
et al.,

Defendants.
______________________________/

ORDER CANCELLING HEARING

THIS CASE came on for consideration this 4th day of November, 2015, without a hearing, on the Court's cursory review of its upcoming hearings and finding the Defendant filed a Suggestion of Bankruptcy and Automatic Stay on October 13, 2015, it is

ORDERED and ADJUDGED that the hearing scheduled for November 12, 2015 at 11:15 a.m. is cancelled.

ORDERED at Orlando, Orange County, Florida this 4th day of November, 2015.

DONALD A. MYERS, JR.
CIRCUIT JUDGE

Copies to:

Ronald R. Wolfe & Associates, P.L.
Post Office Box 25018
Tampa, Florida 33622-5018

Christine Peacock
a/k/a Christine Quattry Peacock
1190 July Circle
Deltona, Florida 32738

The Unknown Spouse of
Christine Peacock
1190 July Circle
Deltona, Florida 32738

Catherine Meers
a/k/a Catherine Ann Meers,
a/k/a Catherine Quattry Meers
1855 Summit Chase Avenue
Apopka, Florida 32703

Thomas Meers
1855 Summit Chase Avenue
Apopka, Florida 32703

Michael Roggio
1190 July Circle
Deltona, Florida 32738

The Unknown Spouse of
Michael Roggio
1190 July Circle
Deltona, Florida 32737

1190 July Circle has not been an address for Michael Roggio since 2001 when his grandmother, Suzanne Quattry, took formal guardianship of her grandson so he could attend high school at Edgewater High in Orlando. Mike resided with his grandmother and then resided at 3876 Villa Rose before deployment with the Navy. Christine Quattry Peacock made it abundantly clear to the server that Michael Roggio did not and had not resided at 1190 for many years and handed the documents back to the service processor. Sakura Roggio has never resided at 1190 July Circle. This was clarified a many many times and documented.

M. Florence King, Esquire
Larsen and Associates, P.A.
300 South Orange Avenue
Suite 1200
Orlando, Florida 32801